# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| FRED J. CRUZ,<br><br>    Plaintiff,<br><br>vs.<br><br>FRANKIE J. CRUZ, ROLAND CRUZ, PAUL A. CRUZ, AGNES C. RAGLAND, DANNY J. CRUZ, EDWARD A. CRUZ, WAYNE W. CRUZ, and ARLENE M. CRUZ,<br><br>    Defendants. | CIVIL CASE NO. 24-00022<br><br>**ORDER DENYING APPLICATION TO WAIVE FEES WITHOUT PREJUDICE (ECF NO. 2) AND GRANTING IN PART AND DENYING IN PART MOTION TO DIRECT SERVICE (ECF NO. 4)** |

Before the court are the following motions: Plaintiff Fred J. Cruz's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application to Waive Fees"), ECF No. 2, and Plaintiff's Motion to Direct Service Within a Specified Time ("Motion to Direct Service"), ECF No. 4. For the reasons explained below, the Application to Waive Fees is **DENIED without prejudice**, and the Motion to Direct Service is **GRANTED in part** and **DENIED in part**. Plaintiff is **ORDERED** to either pay the filing fee in full or file an amended application to waive the filing fee no later than June 6, 2025.

Under 28 U.S.C. § 1915(a)(1), the court "may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who

submits an affidavit that includes a statement of all assets such prisoner[1] possesses that the person is unable to pay such fees or give security therefor." In reviewing an application to proceed *in forma pauperis*, district courts have broad discretion in determining whether the filing fee is "fair and appropriate in a particular case." *See Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 767-68 (9th Cir. 2023). If granted, the court must then review the complaint to determine whether the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2). The case is not otherwise authorized to proceed until the application is granted and the complaint is screened. *See id.* § 1915(a)(1). This procedure tolls the relevant time frame for service as directed by Federal Rule of Civil Procedure 4(m). *See id.* § 1915(d) (providing that the officers of the court shall issue and serve all process in cases proceeding *in forma pauperis*); FED. R. CIV. P. 4(c)(3) (requiring the court to order service "if the plaintiff is authorized to proceed in forma pauperis"); *see also, e.g.*, *Nogales v. Burke*, No. 22-cv-702-MMA (DEB), 2022 WL 10146087, at *2 (S.D. Cal. Oct. 17, 2022) (tolling Rule 4(m)'s time limit in the context of screening a complaint).

      Plaintiff filed the Complaint and Application to Waive Fees on October 3, 2024. Appl. ECF No. 2. Since then, the court is aware that Plaintiff's financial circumstances have changed due to the resolution of another case in this court. *See Cruz v. Cruz*, Civil Case No. 22-00002 (D. Guam Feb. 4, 2025). Therein, the parties filed a joint stipulation on February 4, 2025, in which the defendant in that action agreed to pay Plaintiff $900.00 per month until the amount of $6,911.70 is paid. *Id.* Despite this, Plaintiff has neither filed an amended application nor paid the filing fee. Accordingly, Plaintiff's Application to Waive Fees is **DENIED without prejudice**,

---

[1] Despite the language of 28 U.S.C. § 1915(a)(1), this section applies to both prisoners and non-prisoners who move to proceed *in forma pauperis*. *Hymas v. U.S. Dep't of the Interior*, 73 F.4th 762, 766 n.3 (2023).

and Plaintiff is **ORDERED** to either pay the filing fee in full or file an amended application to waive fees that provides an updated statement of his financial status no later than June 6, 2025. Failure to do so may result in the automatic dismissal of the case without further notice.

Additionally, Plaintiff filed the Motion to Direct Service on April 24, 2025. *See* Mot., ECF No. 4. Therein, he requests that "the court direct that service be effected within a specified time, and to extend time for service for an appropriate time" after the court's review is complete.[2] *Id.* at 2. As explained above, Plaintiff has requested to proceed *in forma pauperis*, which requires the court to screen the Complaint and, if applicable, authorize the case to proceed and order that service be completed. *See* 28 U.S.C. § 1915(e)(2); FED. R. CIV. P. 4(c)(3). Therefore, service under Rule 4(c)(3) is not appropriate at this time and the ninety-day period for service provided by Rule 4(m) is tolled until otherwise ordered. Accordingly, Plaintiff's Motion to Direct Service is **GRANTED** to the extent that it seeks to toll the time period for service but **DENIED** insofar as it seeks to expedite service in any way.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
    Chief Judge
**Dated: May 23, 2025**

---

[2] Plaintiff also states that his failure to serve the defendants within 180 days "[p]er Guam rules of civil procedure Rule 4" is due to the court's review. Mot. at 1-2, ECF No. 4. Though similar, the Guam Rules of Civil Procedure do not apply in this court. In the future, the court directs Plaintiff to the Federal Rules of Civil Procedure.