THE DISTRICT COURT OF GUAM

| | |
|---|---|
| FRED JERRY CRUZ,<br><br>    Plaintiff,<br><br>vs.<br><br>FRANKIE J. CRUZ, ROLAND CRUZ,<br>PAUL A. CRUZ, AGNES C. RAGLAND,<br>DANNY J. CRUZ, EDWARD A. CRUZ,<br>WAYNE W. CRUZ and ARLENE M. CRUZ,<br><br>    Defendants. | CIVIL CASE NO. 24-00022<br><br>**ORDER**<br>Denying Without Prejudice Motion to Serve<br>by Publication (ECF No. 19)<br>and Continuing Status Hearing |

On October 7, 2025, the *pro se* Plaintiff filed a Motion to Serve by Publication,[1] seeking permission to serve six of the eight defendants by publication. *See* ECF No. 19. According to the motion, the Plaintiff, through third party Mary Quijano, sent "summons . . . to the eight defendants[2] via certified mail, return receipt requested." *Id.* at 1. The Plaintiff claims that "[t]wo of the defendants accepted service, but the other six refused to accept the summons." *Id.* He concludes that "[t]hey are in essence hiding from service." *Id.* For the reasons set forth below, the court denies the motion.

---

[1] On September 30, 2025, the Clerk's Office received an *unsigned* version of the Motion to Serve by Publication with various attachments thereto to include the affidavits of Mary Quijano. *See* Clerk's Notice of Receipt of Documents, ECF No. 18. The Plaintiff was immediately notified that the motion was unsigned, and on October 7, 2025, he filed the instant motion which did not include the various attachments previously included with the unsigned filing.

[2] Based on the Complaint, one defendant resides in Tennessee, five reside in California, one resides in Guam, and another resides in Georgia. *See* Compl. at 7, ECF No. 1.

Rule 4 of the Federal Rules of Civil Procedure governs the service of process in federal court. It provides that "[a] summons must be served *with a copy of the complaint*." Fed. R. Civ. P. 4(c)(1) (emphasis added). Here, based on the motion itself and the various affidavits submitted by Ms. Quijano, only a summons was sent to the defendants, not a summons and complaint as required by Rule 4(c)(1). Thus, the Plaintiff has not properly served any of the defendants.

Additionally, the federal rules do not expressly permit service by publication. Rule 4(e)(1) permits a plaintiff to serve a defendant "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under Guam law, the Plaintiff is required to personally serve the summons and complaint on the defendants. *See* 7 GUAM CODE ANN. § 14105(g). If a defendant is outside of Guam but within the United States, then Guam law permits service "as prescribed by the law of the place where the person is served." 7 GUAM CODE ANN. § 14105(f)(2). Guam law does not permit service by mail, and the Plaintiff's motion fails to establish that the laws of Tennessee, California and Georgia would permit service by mail.

The Plaintiff requests permission to serve the defendants by publication pursuant to Section 14106 of Title 7, Guam code Annotated. This statute, in pertinent part, provides that

> [w]here the person on whom service is to be made has departed from Guam, and cannot, *after due diligence*, be found in Guam, or conceals himself to avoid the service of summons, . . . or who, *after due diligence*, cannot be found in Guam, and the fact appears by affidavit to the satisfaction of the court, or a judge thereof, . . . such court or judge may make an order that the service be made by the publication of the summons and by mailing the complaint and summons.

7 GUAM CODE ANN. § 14106(a) (emphasis added).

Based on the language of Section 14106 and because of due process concerns, service by publication should be used only as a last resort if other methods of service have failed. Here, the court does not find that service by publication is appropriate because the Plaintiff has failed to prove the "due diligence" required before service by publication may be allowed. Based on the record before the court, the Plaintiff's assistant simply attempted service by mail one time for each defendant. The Plaintiff fails to explain how he identified the various addresses of the defendants and why the defendants would likely be found at those addresses. He does not state that he made

an honest attempt to learn the defendants' whereabouts or addresses by inquiring with relatives, friends and acquaintances. The Plaintiff has not stated that he consulted any website directories, government agency websites, voters' registers or real property indexes in an attempt to locate the defendants, nor has he claimed that he hired a professional to try and locate the defendants.

While the Plaintiff claims that the defendants are "hiding from service," the evidence does not support such a conclusion. The attachments to the *unsigned* motion received by the Clerk's Office on September 30, 2025, indicate that one of the summonses was returned because the post office was unable to forward it because the individual had moved and left no forwarding address, and another was returned because there was "no such number" *See* ECF 18 at 12-13 and 17. The court is not convinced at this time that the Plaintiff has been diligent and has not shown that the defendants cannot be served any other way.

Accordingly, the court denies the Motion to Serve by Publication without prejudice. If the Plaintiff wishes to renew his motion to serve the summons and complaint by publication, he may wish to address the issues raised above in establishing his due diligence.

Because none of the defendants have been properly served to date, the court continues the status hearing set for October 23, 2025, to December 16, 2025, at 10:00 a.m.

IT IS SO ORDERED.



/s/ Michael J. Bordallo
U.S. Magistrate Judge
Dated: Oct 22, 2025