THE DISTRICT COURT OF GUAM

| | |
|---|---|
| FRED JERRY CRUZ,<br><br>    Plaintiff,<br><br>vs.<br><br>FRANKIE J. CRUZ, ROLAND CRUZ, PAUL A. CRUZ, AGNES C. RAGLAND, DANNY J. CRUZ, EDWARD A. CRUZ, WAYNE W. CRUZ and ARLENE M. CRUZ,<br><br>    Defendants. | CIVIL CASE NO. 24-00022<br><br>**ORDER**<br>Denying Requests for Entry of Default<br>(ECF Nos. 14 and 16) and<br>Denying as Moot Motion to Set Aside Default<br>(ECF No. 20) |

On September 26, 2025, the Plaintiff filed Requests for Entry of Default as against defendants Paul A. Cruz ("Paul") and Wayne W. Cruz ("Wayne"). *See* ECF Nos. 14 and 16. The affidavits of Mary L. Quijano filed in support of said requests stated that she "sent legal summonses" to said defendants, who then "accepted service." Aff. Mary L. Quijano at ¶¶1-2, ECF Nos. 15 and 17. The Plaintiff's requests asserted that defendants Paul and Wayne failed to answer within twenty-one days of service, so the Plaintiff requested the Clerk of Court to enter default against said defendants.

The Federal Rules of Civil Procedure govern service govern service of process and the time for responding to pleadings. Rule 4 provides that "[a] summons must be served *with a copy of the complaint*." Fed. R. Civ. P. 4(c)(1) (emphasis added). Rule 12 requires that a defendant "must serve an answer within 21 days after being served with the summons and complaint[.]" Fed. R. Civ. P. 12(a)(1)(A)(i). Pursuant to Rule 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party' default." Fed. R. Civ. P. 55(a).

Based on the affidavits of Ms. Quijano, defendants Paul and Wayne were not served with a

copy of the Complaint filed herein. Because said defidants were not properly served pursuant to Rule 4(c)(1), the time for them to file an answer has not yet lapsed. Since the Plaintiff has not met the requirements under Rule 55(a), the court denies the requests that default be entered against defendants Paul and Wayne.

Since default has not been entered against defendants Paul and Wayne, the court further denies their Motion to Set Aside Default (ECF No. 20) as moot.

IT IS SO ORDERED.



/s/ Michael J. Bordallo
U.S. Magistrate Judge
Dated: Nov 14, 2025