## THE DISTRICT COURT OF GUAM

| | |
|---|---|
| FRED JERRY CRUZ, | CIVIL CASE NO. 24-00022 |
| Plaintiff, | |
| vs. | **DECISION & ORDER GRANTING DEFENDANTS' AMENDED MOTION TO DISMISS THE COMPLAINT** |
| FRANKIE J. CRUZ, ROLAND CRUZ, PAUL A. CRUZ, AGNES C. RAGLAND, DANNY J. CRUZ, EDWARD A. CRUZ, WAYNE W. CRUZ, and ARLENE M. CRUZ, | |
| Defendants. | |

This matter comes before the court on Defendants Frankie Cruz, Roland Cruz, Paul Cruz, Agnes Ragland, Danny Cruz, Edward Cruz, Wayne Cruz, and Arlene Cruz's Amended Motion to Dismiss Complaint. ECF No. 24. The court has reviewed the relevant filings and case law, and deems this matter suitable for submission without oral argument. For the reasons stated below, the court hereby **GRANTS** Defendants' Amended Motion to Dismiss Complaint.

## I.      BACKGROUND[1]

In October of 2015, Plaintiff Fred Jerry Cruz agreed to challenge the probate case involving the estate of his mother, Lagrimas C. Cruz, on behalf of his nine siblings, Peter Cruz

---

[1] The court refers to CM/ECF pagination throughout this Decision and Order.

and Defendants Frankie J. Cruz, Roland Cruz, Paul A. Cruz, Agnes C. Ragland, Danny J. Cruz, Edward A. Cruz, Wayne W. Cruz, and Arlene M. Cruz, who had all "failed to challenge the probate." ECF No. 1, at 4. Plaintiff pursued the probate case at his own expense for four years, and on January 16, 2020, the Superior Court of Guam entered a Decree of Final Distribution which awarded "his siblings an inheritance of almost 1.5 million each in commercial property and lease incomes in the final settlement." *Id.*; *see also* ECF No. 24, at 4, ECF No 27, at 1. The nine siblings "received their millions [and] they told [Plaintiff] to 'F off'" even though they had previously agreed to compensate him "for his time and expenses" in pursuing the matter. *Id.*

In August of 2021, Plaintiff hired an attorney in an attempt to negotiate and recoup the fees he accrued from fighting this legal action on behalf of his siblings, but the negotiations ultimately stalled. *Id.* On February 1, 2022, Plaintiff filed a lawsuit against his brother, Peter Cruz, "who had signed a written contract agreeing to give Plaintiff a percentage of his inheritance." *See id.*; *see also* Civil Case No. 22-00002, ECF No. 1. In August of 2024, this court awarded Plaintiff $6,756.76 in its Judgment against Peter Cruz under a theory of quantum meruit. ECF No. 1, at 4; *see also* ECF No. 23-2, at 2; ECF No. 24, at 6; ECF No 27, at 2.

On October 3, 2024, Plaintiff filed the present action in this court "to compel his 8 other siblings to compensate him through the Quasi-Contract." ECF No. 1, at 4. Plaintiff brought this claim pursuant to the court's federal diversity jurisdiction and alleged complete diversity of citizenship as he lives in Hawaii, and the Defendants live in California, Georgia, Guam, and Tennessee. *See id.* at 3-4, 7. Plaintiff also alleged he meets the amount in controversy requirement for diversity jurisdiction because he is seeking a finder's fee under a theory of quantum meruit for "as high as 35% of the value of" the inheritance he secured for each of his siblings. *See id.* at 4. Thus, he stated that he met the two threshold requirements for federal diversity jurisdiction in the Complaint. *See id.*

Now before the court is Defendants' Amended Motion to Dismiss Plaintiff's Complaint based on a lack of subject matter jurisdiction and the statute of limitations.[2] *See* ECF No. 24.

## II.    **LEGAL STANDARD**

### A.  **SUBJECT MATTER JURISDICTION**

Federal courts have "limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The party bringing the claim "bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested." *Gabrielli v. Haleon US Inc.*, 815 F.Supp.3d 852, 862 (N.D. Cal. 2025).

A challenge to subject matter jurisdiction can either be factual or facial. *See Friends of the River v. U.S. Army Corps of Engineers*, 870 F.Supp.2d 966, 972 (E.D. Cal. 2012) (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)). For factual challenges, defendants "demonstrate that the complaint lacks jurisdiction based on the facts of the case." *Lauria v. United States*, 542 F.Supp.3d 926, 931 (D. Alaska 2021); *see generally Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."). The court can consider "extrinsic evidence to the complaint" when analyzing a factual challenge to its subject matter jurisdiction. *Li v. Chertoff*, 482 F.Supp.2d 1172, 1175 (S.D. Cal. 2007).

Here, Defendants bring a factual challenge because they argue Plaintiff cannot mathematically meet the amount in controversy requirement – which must exceed $75,000.00 – based on the facts presented in the Complaint and the award this court granted in Plaintiff's case

---

[2] The Amended Motion to Dismiss Complaint moots Defendants' initial Motion to Dismiss as it presents identical arguments – the only difference is in the respective captions. *Compare* ECF No. 22 (CVR 12(b)(6)), *with* ECF No. 24 (FRCP 12(b)(6)).

against his brother Peter Cruz, Civil Case No. 22-00002. 28 U.S.C § 1332(a); *see also* ECF No. 23-2, at 2.

## B. FAILURE TO STATE A CLAIM

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under Rule 12(b)(6), a court can dismiss a claim "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Fliger*, 821 F.Supp.3d 1203, 1215 (E.D. Cal. 2026) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)) (internal quotation marks omitted). Specifically, a claim may be dismissed pursuant to Rule 12(b)(6) if "it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'"[3] *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)); *U.S. ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013). "[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim."[4] *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1207 (9th Cir. 1995).

## III. DISCUSSION

The Defendants offer two arguments for why Plaintiff's quasi-contract claim should be dismissed. *See* ECF No. 24, at 3-6. First, Defendants argue Plaintiff would only be entitled to

---

[3] Courts can look beyond a complaint at "certain materials–documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

[4] For the purposes of a rule 12(b)(6) motion, courts must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, "neither legal conclusions nor conclusory statements are themselves sufficient, and such statements are not entitled to a presumption of truth." *Alimena v. Vericrest Financial, Inc.*, 964 F.Supp.2d 1200, 1209 (E.D. Cal. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

$54,054.08 if the court multiplied Plaintiff's judgment he received for a similar claim against his brother Peter Cruz in Civil Case No. 22-00002, by the number of Defendants here, eight. *See id.* at 6. As such, Defendants assert that "the Court plainly lacks subject matter jurisdiction" because this calculated figure falls below the amount in controversy requirement for federal diversity jurisdiction. *Id.* Second, Defendants argue the statute of limitations for oral contracts bars Plaintiff's claim because he did not file the Complaint within three years of the claim's accrual as required by Guam law. *See id.* at 3-4. They allege Plaintiff should have become aware of his claim "on January 16, 2020, when the Decree of Final Distribution was filed[,]" but he waited beyond the three-year period, October 3, 2024, to file the Complaint. *Id.*

Plaintiff contends the court has subject matter jurisdiction to hear this matter and that the statute of limitations does not bar his claim. ECF No. 27. Plaintiff points out his damages calculation in this case is derived from a different formula than the one used in Peter Cruz's case. *Id.* at 3. Plaintiff maintains that he is relying on a finder's fee award in the present case, while the judgment in the case against Peter Cruz was based on expenses. *Id.* Under a finder's fee calculation of just 10%, Plaintiff would be entitled to an award of $1,158,200.00 which meets the threshold requirement for federal diversity jurisdiction. *Id.* at 4. Moreover, he asserts that the operative date for the statute of limitations should be October 15, 2021, not January 16, 2020. *Id.* at 1-2. This is the day Defendants made an "unacceptable" settlement offer to Plaintiff, and it is accordingly the day Plaintiff became aware of his claim. *Id.* at 2.

To resolve this motion to dismiss, the court must address two issues. First, the court must determine whether it has subject matter jurisdiction. Second, the court must determine whether Plaintiff has alleged sufficient facts to demonstrate that his claim is not barred by the applicable statute of limitations.

### A. AMOUNT IN CONTROVERSY REQUIREMENT

This court has subject matter jurisdiction to hear Plaintiff's claim based on the facts alleged in his Complaint. Congress has granted federal courts original jurisdiction over civil actions arising from diversity of citizenship. 28 U.S.C § 1332. To bring a claim based on diversity of citizenship, there must be complete diversity of citizenship and the amount in controversy must exceed $75,000.00. *Weeping Hollow Avenue Trust v. Spencer*, 831 F.3d 1110, 1112 (9th Cir. 2016) (citing *Strawbridge v. Curtiss*, 3 Cranch 267, 267 (1806)); 28 U.S.C § 1332(a).

It is uncontested in this case that there is complete diversity of citizenship. Plaintiff is from Hawaii, and Defendants are from California, Georgia, Guam, and Tennessee. ECF No. 1, at 3-4, 7.

As a result, the court focuses its analysis on the amount in controversy. Here, Plaintiff alleges that he could be entitled to "as high as 35% of the value" of each Defendant's inheritance based on a finder's fee, but he is instead only seeking 10% of the total amount of each Defendants' inheritance based on the value of the time and services he provided, which would be $1,158,200.00. ECF No. 1, at 4; ECF No. 27, at 4.

Defendants' argument fails because they mischaracterize Plaintiff's requested remedy and their calculation of the amount in controversy is based on a faulty formula. First, Plaintiff is not only seeking compensation for his time and expenses, but he is also seeking a finder's fee. Defendants leave this out of their calculation which focuses solely on the expenses and miscellaneous costs factored into the calculation from Peter Cruz's case in Civil Case No. 22-00002. *See* ECF No. 23-2, at 3-10; *Li v. Chertoff*, 482 F.Supp.2d at 1175 (courts can consider extrinsic evidence for factual challenges to subject matter jurisdiction). Second, Defendants' calculated figure of $54,054.08 relies on the faulty premise that Plaintiff could have only been

legally entitled to $6,756.76 in his case against Peter Cruz. This is not true. For example, Plaintiff failed to prove in that case that he was entitled to $5,000.00 for legal fees provided by Lujan & Wolff LLP because he failed to substantiate his claim with receipts or other evidence. *See* ECF No. 23-2, at 6. Defendants' calculated figure of $54,054.08 assumes that Plaintiff would once again fail to prove his claims in this case. As Defendants themselves acknowledge, their agreement with Plaintiff is different from Plaintiff's agreement with Peter Cruz who had a written agreement. It is not appropriate at this stage of the litigation to assume that Plaintiff will only be entitled to $6,756.76 from each Defendant when the parties have not conducted discovery or produced evidence regarding the contents of any agreement or the value of Plaintiff's services.

Plaintiff stated he is entitled to the time and expenses for his services in discovering and litigating the Superior Court of Guam probate matter based on an agreement he formed with the Defendants. He confirmed "each heir's share of the estate is valued at close to 1.5 million" and that he would be entitled to a reasonable percentage of that figure based on the reasonable value of his time and services, and a finder's fee. The court finds that Plaintiff has alleged sufficient facts to demonstrate that he meets the amount in controversy requirement. Thus, the court has subject matter jurisdiction to hear his claim against the Defendants.

## B. STATUTE OF LIMITATIONS

Plaintiff's breach of quasi-contract claim is barred by the statute of limitations because he did not file the claim within three years of its accrual as required by Guam law. "A federal court sitting in diversity applies the substantive law of the state, including the state's statute of limitations." *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir. 2011). Guam's statute of limitations for unwritten contracts, obligations, and liabilities is three years. *See Goodwind Dev. Corp. v. West Bay Corp.*, 2025 Guam 14, ¶ 89 (Guam 2025) (citing 7 Guam

Code Ann. § 11305(h)). A contract claim brought under Guam law begins to run for the statute of limitations "when the breach occurs[.]"[5] 13 Guam Code Ann. § 2725(2).

The clock for the statute of limitations began to run in the present case when Defendants told Plaintiff to "F off" after they received their inheritance from the Decree of Final Distribution on January 16, 2020. *See* ECF No. 1, at 4. Defendants allegedly had agreed to compensate Plaintiff for his time and expenses, but Defendants reneged on this promise by refusing to pay Plaintiff for his performance. *See id.* Therefore, the statute of limitations bars Plaintiff's claim because he filed it after the three-year statute of limitations passed on January 17, 2023.

In Plaintiff's Opposition, he argues the operative date for the statute of limitations should be October 15, 2021, because Defendants "offered such a low ball settlement that it was unacceptable to Plaintiff and his attorney." ECF No. 27, at 2. He then "finally realized he would need to file suit to get his compensation." *Id.*

This argument is flawed for two reasons. First, the date of the accrual of the claim is not when Plaintiff discovered he would not get paid, it is the date when the contract was breached. *See* 13 Guam Code Ann. § 2725(2). The contract was breached when Defendants received their inheritance based upon Plaintiff's agreed upon efforts and then told him to "F off."

Second, even if this court adopted the discovery rule as applied by the Guam Supreme Court in cases of fraud and mistake, it is evident that Plaintiff had a suspicion of wrongdoing before the date of Defendants' low-ball settlement offer on October 15, 2021. *See Goodwind Dev. Corp. v. West Bay Corp.*, 2025 Guam 14, ¶ 89 (Guam 2025) ("[A] fraud-based claim accrues upon discovery of the facts constituting the fraud."). On January 16, 2020, the Superior

---

[5] Defendants and Plaintiff rely on the discovery rule for analyzing the applicable accrual date. ECF No. 24, at 4; ECF No. 27, at 2. Guam applies the discovery rule to fraud-based contracts claims. *See Taitano v. Calvo Finance Corp.*, 2008 Guam 12, ¶ 45 (Guam 2008) (quoting *Gayle v. Hemlani*, 2000 Guam 25, ¶¶ 23-24 (Guam 2000)). Plaintiff did not allege fraud anywhere in his Complaint. Therefore, the court applies the traditional accrual rule for contracts claims as noted in the Guam Uniform Commercial Code. *See* 13 Guam Code Ann. § 2725.

Court of Guam issued its Decree of Final Distribution in favor of Plaintiff and his siblings, and Plaintiff's siblings told him to "F off" after they received their inheritance instead of paying him for his time and expenses. ECF No. 23-1; ECF No. 1, at 4. Then, in August of 2021, Plaintiff hired an attorney to negotiate a settlement, but the negotiations "stalled." ECF No. 1, at 4; ECF No. 27, at 2. Plaintiff was clearly aware that his siblings would not pay him because they told him such and as a result he then hired an attorney to negotiate a settlement. Furthermore, Plaintiff could have brought this claim against these eight siblings at the same time that he brought his claim against his brother, Peter Cruz, on February 1, 2022, but Plaintiff chose not to do so. Instead, Plaintiff waited more than three years after Defendants told him to "F off" and after he hired an attorney in August of 2021 to file this present claim on October 3, 2024. ECF No. 1. Now, his claim is completely time barred by the statute of limitations, and it must be dismissed for this reason.

## IV.    CONCLUSION

Based on the above, the court hereby **GRANTS** Defendants' Amended Motion to Dismiss Complaint with prejudice because amendment would be futile.[6] Because of the allegations contained within the Complaint, Plaintiff cannot amend his pleadings to state a claim which is not barred by the applicable three-year statute of limitations. It is evident that the breach occurred more than three years before the present claim was filed in this court on October 3, 2024. Plaintiff should have been aware of his claim as early as January 16, 2020, when the

---

[6] The court is not dismissing the complaint based on Defendants' argument that Plaintiff has not met the $75,000 amount of controversy.

Decree of Final Distribution was filed in the Superior Court of Guam, and no later than August of 2021, when he hired an attorney to negotiate a settlement with his siblings.

    **SO ORDERED.**



    **/s/ Frances M. Tydingco-Gatewood**
       **Chief Judge**
    **Dated: Jun 30, 2026**