**THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| FRED JERRY CRUZ,<br><br>Plaintiff,<br><br>vs.<br><br>FRANKIE J. CRUZ, ROLAND CRUZ, PAUL A. CRUZ, AGNES C. RAGLAND, DANNY J. CRUZ, EDWARD A. CRUZ, WAYNE W. CRUZ, and ARLENE M. CRUZ,<br><br>Defendants. | CIVIL CASE NO. 24-00022<br><br>**DECISION & ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER (ECF NO. 36)** |

This matter comes before the court on Plaintiff's Motion to Reconsider the court's decision to grant Defendants' Amended Motion to Dismiss the Complaint. ECF No. 36. The court has reviewed the relevant filings and case law, and deems this matter suitable for submission without oral argument. For the following reasons, the court hereby **DENIES** Plaintiff's Motion to Reconsider.

I.    **BACKGROUND**[1]

In 2015, Plaintiff Fred Jerry Cruz challenged his mother's, Lagrimas C. Cruz, probate case on behalf of his nine siblings, Peter Cruz and Defendants Frankie J. Cruz, Roland Cruz,

---

[1] The court refers to CM/ECF pagination throughout this Decision and Order.

Paul A. Cruz, Agnes C. Ragland, Danny J. Cruz, Edward A. Cruz, Wayne W. Cruz, and Arlene M. Cruz. ECF No. 1, at 4. On January 16, 2020, the Superior Court of Guam entered a Decree of Final Distribution granting an inheritance to Plaintiff and his siblings.[2] *Id.* Defendants then received notification of this award on January 30, 2020, and Plaintiff was notified on February 6, 2020.[3] ECF No. 36, at 2.

Plaintiff did not contact Defendants until his attorney attempted to negotiate with their attorney starting on August 2, 2021. *Id.* at 2-3; *see also* ECF No. 1, at 4 ("Plaintiff subsequently hired an attorney who attempted to negotiate this compensation in Aug 2021 but it stalled."). On October 15, 2021, Plaintiff learned that the Defendants did not intend to pay him a "reasonable offer" as compensation for his agreed upon services provided in contesting the estate on their behalf. *Id.* at 3.

On October 3, 2024, Plaintiff filed this lawsuit against the eight listed Defendants under a theory of quasi-contract.[4] ECF No. 1. Defendants thereafter filed an Amended Motion to Dismiss the Complaint based, in part, on the statute of limitations which the court granted with prejudice on June 30, 2026. ECF No. 34. On July 13, 2026, Plaintiff filed a Motion to Reconsider which the Defendants opposed on July 15, 2026. ECF Nos. 36 & 37. On July 23, 2026, Plaintiff filed the Reply. ECF No. 38.

---

[2] Plaintiff initially stated in his complaint, verbatim, "All siblings had verbally agreed to compensate Plaintiff for his time and expenses during the course of probate, but after they received their millions they told him to 'F off'." ECF No. 1, at 4. Plaintiff certified in his complaint that the "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]" *Id.* at 5.

[3] Plaintiff raises these facts for the first time in his Motion to Reconsider. *Compare* ECF No. 36 (Motion to Reconsider, *with* ECF Nos. 1 (Complaint), 27 (Opposition to Motion to Dismiss).

[4] As mentioned in the court's previous order, Plaintiff first sued his brother Peter Cruz on February 1, 2022. *See* ECF No. 23-2 (for a more detailed background of that suit).

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) provides district courts with "considerable discretion" in deciding whether to grant a motion to alter or amend a judgment.[5] *Hilborn v. Metropolitan Group Property and Cas. Ins. Co.*, 306 F.R.D. 651, 652 (D. Idaho 2015) (quoting *Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir.2003)). "[A] Rule 59(e) motion is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (per curiam) (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). A district court should not grant a motion for reconsideration under rule 59(e), unless (1) the original ruling was clearly erroneous, (2) the moving party presents newly discovered evidence, or (3) there is an intervening change in the controlling law. *See Kaufmann v. Kijakazi*, 32 F.4th 843, 850 (9th Cir. 2022) (quoting *Wood*, 759 F.3d at 1121).

## III.     DISCUSSION

Plaintiff argues the court committed "Manifest Error" when it determined his claim began to accrue after the Defendants told him to "F off" on January 16, 2020. ECF No. 36, at 2; ECF No. 38, at 3. He now alleges that Defendants never told him to "F off" and he only included that statement as hyperbole. ECF No. 36, at 3; ECF No. 38, at 3. As such, the operative date for accrual should be October 15, 2021. ECF No. 36, at 3; ECF No. 38, at 5. This is the date when Plaintiff learned that Defendants were not going to reasonably compensate him for his previously agreed upon services after months of negotiations. *See id.* Accordingly, Plaintiff contends that the complaint, which was filed on October 3, 2024, was within the three-year period permissible

---

[5] The court treats Plaintiff's Motion to Reconsider as a motion for reconsideration under Rule 59(e) because Plaintiff argued the court committed "a Manifest Error" which aligns with the test that courts within the Ninth Circuit use to analyze motions for reconsideration under Rule 59(e). *See United States ex rel. Hoggett v. Univ. of Phoenix*, 863 F.3d 1105, 1108 (9th Cir. 2017) (stating that courts look to a motion's substance to determine whether it can be properly characterized as a motion for reconsideration).

for the statute of limitations. *Id.*

Defendants contend Plaintiff has not identified any manifest error, any newly discovered evidence, or any intervening change in law. ECF No. 37, at 1. They point out that "the alleged factual error identified by Plaintiff is immaterial" as "his own Motion affirmatively states that communications concerning his demand for compensation occurred by August 2, 2021." *Id.* at 2. Therefore, even by Plaintiff's own updated timeline, he should have been aware of any claim by August 2, 2021, more than three years before Plaintiff filed his complaint.[6] *Id.*

The court agrees with Defendants and holds that Plaintiff has not identified manifest error that would undermine the court's original ruling. Furthermore, Plaintiff has not identified any newly discovered evidence or intervening change in law that would alter the court's judgment. For these reasons, and as discussed in more detail below, the court denies Plaintiff's motion.

### A. MANIFEST ERROR

First, the court does not find that it committed clear error in dismissing the complaint based on the statute of limitations. Plaintiff argues that the court incorrectly relied on the statement in his complaint that said "[a]ll siblings had verbally agreed to compensate Plaintiff for his time and expenses during the course of probate, but after they received their millions they told him to 'F off'" which led the court to conclude that Defendants allegedly breached the contract on January 16, 2020. ECF No. 38, at 3. Plaintiff now states the allegation in his complaint was hyperbole which "was never meant to be interpreted literally[.]" *Id.* In deciding a motion to dismiss, the court is obligated to take all of the factual allegations made by the nonmoving party as true – which would include this statement. *See Ashcroft v. Iqbal*, 556 U.S.

---

[6] Plaintiff argues this date was not raised in the Defendants' Amended Motion to Dismiss the Complaint and the court cannot consider it here. ECF No. 38, at 4. Defendants did raise the statute of limitations issue in their Amended Motion to Dismiss the Complaint. ECF No. 24, at 3-5. Even if Defendants' argument relied on January 16, 2020 as the operative date, the court itself is obligated to find the correct date. Moreover, Plaintiff had ample opportunity to brief the issue himself as Defendants clearly raised the issue of the statute of limitations in the Amended Motion to Dismiss the Complaint.

662, 679 (2009). But, even if the court were to disregard the statement made in Plaintiff's complaint, the court still separately found that Plaintiff should have been aware of his claim by August of 2021 because Plaintiff stated in his complaint that he hired an attorney to negotiate a settlement with his siblings at that time. ECF No. 34, at 8-10.

Under Guam contract law, the statute of limitations begins to accrue "when the breach occurs[.]"13 Guam Code Ann. § 2725(2). Here, that would be when the Defendants did not pay Plaintiff for his agreed upon services, as demonstrated by the fact that Plaintiff hired an attorney to negotiate a settlement. ECF No. 1, at 4. However, even if the court adopts the discovery rule, as proposed by both parties, the "statute of limitations begins to run when the claimant suspects, ***or should suspect***, wrongdoing."[7] *Goodwind Dev. Corp. v. West Bay Corp.*, 2025 Guam 14, ¶ 89 (Guam 2025) (emphasis added). In August of 2021, Plaintiff hired an attorney to negotiate a settlement with his siblings because they had breached the verbal agreement to pay him. ECF No. 1, at 4. As such, Plaintiff's argument that he had no suspicion of wrongdoing before October 15, 2021, is not persuasive. The court did not commit manifest error in finding that the three-year statute of limitations had expired before Plaintiff filed his complaint on October 3, 2024.[8]

## B. NEWLY DISCOVERED EVIDENCE

Second, Plaintiff has not identified any newly discovered evidence that would change the court's analysis of the statute of limitations issue. Plaintiff attached two emails to his motion showing that the Defendants did not receive notice of the Final Decree of Distribution until January 30, 2020, and that Plaintiff was not notified until February 6, 2020. ECF No. 36, at 4-5. These emails are not newly discovered evidence. They were available to Plaintiff at the time he

---

[7] As noted in the Decision and Order Granting Defendants' Amended Motion to Dismiss the Complaint, the discovery rule applies to contracts claim alleging fraud, which is not present here. *See* ECF No. 34, at 8 n. 5.

[8] Guam has a three-year statute of limitations for unwritten contracts, obligations, and liabilities. 7 Guam Code Ann. § 11305(h).

filed his complaint and at the time that he responded to Defendants' Amended Motion to Dismiss the Complaint. Regardless, the emails do not change the fact that Plaintiff was evidently aware of the dispute by the time he hired his attorney to represent him during negotiations, which Plaintiff himself states started on August 2, 2021. *See id.* at 2-3. As a result, the court finds that this newly introduced evidence does not change its underlying analysis that found the statute of limitations had expired by the time Plaintiff filed his claim in October of 2024.

### C. INTERVENING CHANGE IN THE LAW

Third, Plaintiff has not identified, nor has the court found, any intervening change in the law.

### IV. CONCLUSION

Based on the foregoing, the court hereby **DENIES** Plaintiff's Motion to Reconsider.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
    **Chief Judge**
**Dated: Aug 05, 2026**